## DANIEL PIERCE

*v.*

## HENRY ROCHE.

1. NEW TRIAL—VERDICT AGAINST THE EVIDENCE.   Where it appears from the evidence in the record that the verdict in an action of assumpsit was for too large an amount, the judgment will be reversed.

2. LEVY *upon growing crops—when sufficient.*   A levy upon growing crops was indorsed upon an execution, as follows:  "By virtue of the annexed execution and a fee bill, I did, on the 24th May, 1860, levy on about one hundred and thirty-six acres of wheat, about forty-two acres of oats, and about forty-four acres of corn, growing upon the farm occupied by Henry Roche and Edward Brennan, in the town of Mayfield," and after giving notice, etc., proceeded to sell, etc.   This was held to be such a levy as the nature of the property admitted.

APPEAL from the Circuit Court of DeKalb county; the Hon. T. D. MURPHY, Judge, presiding.

This was an action of assumpsit brought by Henry Roche against Daniel Pierce.   It appears that Roche had rented some land from Pierce, and had planted a crop of which he was to have one-third.   He alleges that Pierce appropriated the entire crop to his own use, and to recover his portion thereof, among other things, Roche instituted this suit.   The defendant sought to meet that portion of the plaintiff's claim which was founded upon the crops, by showing a sale of them under an execution issued upon a judgment in favor of one Hart, and against Roche and others.   The levy indorsed upon the execution was as follows :

"By virtue of the annexed execution and a fee-bill, I did, on the 24th day of May, A. D. 1860, levy on about one hundred

and thirty-six acres of wheat, about forty-two acres of oats, and about forty-four acres of corn, growing upon the farm occupied by Henry Roche and Edward Brennan, in the town of Mayfield, and after giving ten days' notice, as is required by law, did, on the 16th day of June, A. D. 1860, offer the same at public auction, with the exception of thirty dollars' worth of wheat, twenty dollars' worth of oats, and ten dollars' worth of corn, claimed under the sixty dollar act by Henry Roche; and, upon being so offered, Charles O. Boynton bid the sum of seventy-nine dollars; that being the highest and best bid at the sale, he became the purchaser. I therefore return this annexed execution June 20th, 1860, balance not satisfied."

The defendant also interposed another defense.

A verdict was returned for the plaintiff for $1,098.75. A new trial was refused, and judgment entered upon the verdict.

The defendant brings the case to this court by appeal.

Messrs. HURD, BOOTH & KREAMER, and Mr. R. L. DIVINE, for the appellant.

Mr. B. F. PARKS, for the appellee.

Per CURIAM: There is no question of law presented by this record upon which it is necessary to pass, but after a careful examination of the evidence we are obliged to reverse the judgment because the verdict, in any view which can be taken of the evidence, was for too large a sum. It was for $1098.75, and there is no reasonable mode of stating the account between those parties that can justify such a verdict. We abstain from any statement of the account ourselves, or from discussing the evidence, because the case must go before another jury for trial, but we cannot permit the present verdict to stand. The defendant sought to meet that portion of the plaintiff's claim which was founded upon the crops, by showing a sale of them under execution to Boynton. No instructions were asked as to the effect of this sale. If valid it would be a defense *pro tanto*, and we see no ground in the record for denying its

validity. The levy was upon Roche's interest in the growing crops, and was made on the 24th of May, and the sale was held on the 16th of June. The only objection to the sale taken in the argument is that there was not a sufficient levy. But it appears by the return of the sheriff that he made such levy as the nature of the property admitted, and the sale was held on the premises, and Roche not only did not move to set aside the sale, but he refused further to work or harvest the crops, on the ground that he had been sold out by the sheriff. There is no evidence of any fraudulent collusion between Pierce and the plaintiff in this execution or the purchaser. The judgment must be reversed, and the cause remanded.

*Judgment reversed.*